# In the United States Court of Federal Claims

No. 15-1197C
(Filed: December 16, 2015)
(Reissued: January 12, 2016)[1]

* * * * * * * * * * * * * * * * * * * *

U.S. SECURITY ASSOCIATES, INC.,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*,

and

SECURIGUARD, INC.

      *Intervenor*.

* * * * * * * * * * * * * * * * * * * *

Post-award bid protest; fixed price; lowest priced technically acceptable offer; contingent offer; jurisdiction; standing; prejudice.

*Jerry A. Miles*, Rockville, MD, for plaintiff, with whom was *Ann M. Golski*.

*Amanda L. Tantum*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, for defendant. *William S. Meyers* and *Sigmund Adams*, Office of the General Counsel, Administrative Office of the United States Courts, of counsel.

---

[1] This opinion was first issued under seal to afford the parties an opportunity to propose redaction of protected information. Plaintiff proposed limited redactions. We have redacted only that information which we find to be competition sensitive. Those redactions are indicted by brackets.

*Keir X. Bancroft*, Washington, DC, with whom was *J. Scott Hommer*, Washington, DC, for intervenor.

## OPINION

BRUGGINK, *Judge*.

This is a bid protest of the decision by the Administrative Office of the United States Courts to award a contract for providing security services at the Thurgood Marshall Building in Washington, DC to Securiguard, Inc. Pending are the parties' cross-motions for judgment on the administrative record and defendant's motion to dismiss. As we ruled at the conclusion of oral argument on December 3, 2015, we lack jurisdiction because plaintiff does not have standing to challenge the award. The protest therefore must be dismissed under RCFC 12(b)(1).

## PROCEDURAL AND FACTUAL BACKGROUND[2]

On June 19, 2015, the Administrative Office of the United States Courts ("AO") issued a Request for Quotations (Solicitation No. 061915) under the General Services Administration ("GSA") Schedule 84 Contract for security services at the Thurgood Marshall Building in Washington, DC. Those services are currently, and were in the recent past, provided under a different contract with the Architect of the United States Capital, which has authority to act with respect to the Marshall Building. The incumbent on that contract is CMI Management, Inc. ("CMI"). Plaintiff, U.S. Security Associates, Inc., is the primary subcontractor for CMI under the incumbent contract. That contract expired on October 31, 2015. Plaintiff, U.S. Security Associates, Inc. bid on the new contract but was not chosen for award.

The solicitation was conducted pursuant to Federal Acquisition Regulation ("FAR") Subpart 8.4, which permits GSA to set up blanket purchase agreements ("BPAs") and for authorized entities, such as the AO, to place task orders under the BPA. The task orders can be competed among the holders of the BPA, which is what the AO did here. The RFQ contemplated award of a fixed price task order to a single awardee for one year with options potentially extending another four and a half years. The award was made to the "lowest price technically acceptable" ("LPTA") offeror.

---

[4] The facts are drawn from the Administrative Record

Offerors were asked to submit their quotations in two volumes, one setting out their price proposal and the second their technical proposal. The procurement would then proceed in essentially three steps. The first step involved a determination of whether offerors had self-certified that they had "at least 5 years security service experience in a Level IV facility." AR 43. Those that had so certified were permitted to proceed to step two. In step two, the bidder offering the lowest overall price was identified. In step three, only that lowest price offer was evaluated by the Technical Evaluation Team ("TET") to determine if the offeror's technical proposal was acceptable as measured against three evaluation factors: Key Personnel, Staffing Plan, and Past Performance. If the lowest price proposal–here Securiguard's–was acceptable, as it was here, the search was over and the contract awarded. If not, then the TET advanced to consideration of the next lowest price offer.

With respect to key personnel, offerors were required to submit at least one resume for two senior positions: On-Site Security Manager and Captain. The staffing plan needed to reflect how the staff would be recruited, selected, and allocated over the required posts. In order to satisfy the past performance requirement, offerors were required to submit information concerning five contracts of similar size, scope and complexity in a comparable facility that had been performed within the past three years or were being currently performed.

Amendment 1 to the solicitation incorporated a number of attachments to the solicitation, including a set of questions and answers and the currently-in-place Collective Bargaining Agreement ("CBA") for security personnel at the Thurgood Marshall building. AR 82-148. Question 1 asked the agency whether a CBA applied and the answer supplied was "yes" and attached was the agreement. AR 77. Amendment 2 confirmed the applicability of the CBA in answer to a question concerning the inclusion of both a CBA and a prevailing wage determination. AR 166 (stating that the CBA applied and attaching the prevailing wage determination was an error).

The AO received quotations from five entities, including plaintiff and the intervenor, Securiguard, Inc. All five met the five years of security experience certification requirement. The contracting officer then determined that Securiguard offered the lowest proposed price. The TET therefore evaluated Securiguard's proposal and concluded that it was technically acceptable in all areas and had no deficiencies. Securiguard was awarded the task order on September 8, 2015.

Plaintiff filed a protest with GAO on September 14, 2005, and the statutory stay attached. In order to maintain security services under the incumbent contract, the Architect of the Capitol extended the contract with CMI through the end of October. GAO denied the protest on October 8, 2015, and the AO instructed Securiguard to begin transition preparations with the goal of commencing performance on November 1, 2015. Plaintiff filed its complaint in this court on October 13, 2015, along with a motion for a temporary restraining order and permanent injunction. We received briefing and heard oral argument on the motion for preliminary relief on October 29, 2015. We denied the motion for a preliminary injunction on November 2, 2015, holding that plaintiff had not met the test for preliminary injunctive relief because of the lack of likelihood of success on the merits. *U.S. Secuirty Associates v. United States*, 123 Fed. Cl. 663, 667 (2015).

The parties have since filed cross-motions for judgment on the administrative record and defendant has filed a motion to dismiss for lack of subject matter jurisdiction and lack of standing. The motions are fully briefed, and oral argument was held on December 3, 2015. We need only reach the jurisdictional issues.

DISCUSSION

Normally in the bid protest context, we would consider the four-part test for permanent injunctive relief, including the merits of the protestor's challenge to the agency's procurement action. Here, however, we do not reach those questions because plaintiff has neither shown that it has standing to pursue this lawsuit nor that the court is possessed of subject matter jurisdiction over the merits of this case.

In any case before the court, plaintiff must establish jurisdiction before the court can consider the merits of the complaint. Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States,* 609F.3d 132, 1327 (Fed. Cir. 2010). Jurisdiction includes both the question of whether the subject matter of the case is appropriately before the court (subject matter jurisdiction) and the question of whether plaintiff has a right to bring the challenge itself (standing). Defendant's motion to dismiss raises both grounds for dismissal.

I. Standing

Standing is a baseline element of the "case or controversy" requirement

of Article III, but, in the bid protest context, this requirement is heightened by 28 U.S.C. § 1491(b)(1)'s limitation of bid protest jurisdiction to only those brought by an "interested party." *Sys. Application & Techs. v. United States*, 691 F.3d 1374, 1382 (Fed. Cir. 2012). The threshold question in every bid protest is thus whether the protestor is an "interested party" that will be prejudiced by the award to another entity, which is to say that the protestor has an economic interest in the outcome of the case. *See Tinton Falls Lodging Realty, LLC v. United States*, 800 F.3d 1353, 1358 (Fed. Cir. 2015). If not, plaintiff does not have standing, and the court has no jurisdiction under the statute.

When the protest is brought after award of the contract, the Federal Circuit has defined the test for the requisite economic interest as a showing of "substantial chance" of award absent the alleged error. *Meyers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1370 (Fed. Cir. 2002). In order to have a substantial chance of receiving the award, the protestor must be able to show that, if the competition were reopened and the contract rebid, it would, at a minimum, be eligible for award. *See Impressa Construzioni Geom. Demonico Garufi v. United States*, 238 F.3d 1324, 1334 (Fed. Cir. 2001). Further, a protestor may not be able to show prejudice because, even if eligible for the award, its ranking or relative position on one or several evaluation factors make it so unlikely that it would receive the award that it was not actually harmed by the agency's error. *See, e.g.*, *Comint Sys. Corp. v. United States*, 700 F.3d 1377, 1383-84 (Fed. Cir. 2012).

Defendant argues that plaintiff's proposal was not compliant with the RFQ's requirement of a firm fixed-price offer, and therefore U.S. Security lacks standing to protest the award to Securiguard. We agree.

The solicitation makes clear that the price offered had to be fixed: "Offerors must propose a firm fixed price for each of the potential periods of performance." AR 43, 164. Prices had to be "in accordance with the offerors' approved GSA schedule rates although discounts [are] encouraged." *Id.* Offerors were instructed to use Attachment 4, which was a Schedule of Prices with blank columns, to be filled by the offerors, for number of hours and hourly rate for each security officer position and each year. AR 51.

Plaintiff did as instructed and provided a completed Schedule of Prices along with its technical proposal. AR 423. The cover letter to its proposal, however, included the proviso that its bid was "contingent on [its] ability to negotiate the contract," AR 387, presumably referring to the contract at issue

because the next line requests discussions regarding the addition of two clauses to the contract:

[1.] [




].

[2.] [





].

*Id.* In other words, plaintiff's bid was conditioned on the negotiation of two additional clauses: one to let it out of its performance obligations at will and the second to give it the right to request a change in pricing. Even if the AO were legally able to accept either or both of those conditions, either would materially change the nature of the contract from a firm fixed price for a fixed period (one base year plus four and a half option years) to something indefinite, and award of the contract to U.S. Security under those revised terms would open the agency to protest liability for running a "bait and switch" procurement: soliciting one thing but buying another.

Plaintiff argues that the inclusion of that proviso and the two proposed modifications were the result of its best business judgment in light of its understanding and experience that the CBA, to which many of the workers would be subject, would likely result in year-over-year increases in labor rates for the life of the contract, including option years that had not yet been negotiated in the current CBA. It argues that it was attempting to put the agency on notice of the tension between a firm fixed price contract for a potential five and a half years and the mandatory adherence to a CBA that has, for at least some of the out years, yet to be negotiated. Because the agency had the right to enter discussions, avers plaintiff, U.S. Security's inclusion of that proviso did not render its bid noncompliant.

This court held in *Bannum, Inc. v. United States*, that a conditional bid in a fixed price procurement was noncompliant, and thus the bidder there lacked standing to protest the award because it did not have a substantial

6

chance of winning the contract. 115 Fed. Cl. 148, 155 (2014), *aff'd on other grounds*, 779 F.3d 1376 (Fed. Cir. 2015). In that case, the protestor included a proviso in its price proposal that a recent amendment to the solicitation had made it impossible for the protestor to firmly price the added requirements without extensive further analysis, but it submitted a bid anyway. *Id.* at 154. The court concluded that the protestor's provisional language rendered its price indefinite and thus non-responsive to the RFQ because the RFQ was for a fixed price contract. *Id.* at 155. The court dismissed the complaint for lack of standing. *Id.* at 156.

We are faced with the same circumstances here. The offer tendered by U.S. Security, just as in *Bannum*, cannot be accepted by the government without the addition of new terms. In the context of a fixed price procurement, that makes the protestor's bid non-responsive and deprives it of standing to challenge the award.[3]

II. Subject Matter Jurisdiction

Defendant also argues that our bid protest jurisdiction does not extend to procurements conducted by the AO and that plaintiff has not met its burden of establishing that the AO is a "Federal agency" within the meaning of 28 U.S.C. § 1491(b)(1). We agree. While the matter is not without doubt, we reject plaintiff's underlying position that it is up to defendant to disprove subject matter jurisdiction; plaintiff has not carried its burden.

Section 1491(b)(1), our statutory grant of bid protest jurisdiction gives this court jurisdiction to hear challenges to "a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (2012). Section 451 lists the definitions of certain terms used in Title 28. The term "agency" is defined as including "any department, independent

---

[3] We also agree with defendant that, because plaintiff obviously perceived a hazard in offering a fixed price subject to a CBA that potentially could be renegotiated, it should have raised that objection prior to submitting a bid. Having submitted the bid, it waived the argument that the terms of the solicitation were arbitrary and capricious, and it was limited to making a fixed price offer. Having waived any objection, plaintiff could not try to bargain away that risk by conditioning its proposal on additional terms.

established commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451.

In *Novell, Inc. v. United States*, 46 Fed. Cl. 601 (2000), Judge Miller went through a lengthy analysis of whether procurements by the AO can be protested under the court's bid protest jurisdiction. She resolved the issue based on plaintiff's burden of establishing the existence of jurisdiction, concluding that it had not done so. *Id.* at 613-14. Neither party is able to cite to subsequent consideration of the precise issue, and we are left in the same position as Judge Miller. Plaintiff has not persuaded us that any of the entities enumerated in section 451 embrace the AO[4], and plaintiff's argument drawn from the "unless" clause is particularly unpersuasive. We conclude, therefore, in the alternative, that plaintiff has not demonstrated that the court has subject matter jurisdiction over bid protests directed at procurement decisions of the AO.

Given our ruling on jurisdiction, it is unnecessary to address the parties' arguments concerning the merits, or plaintiff's entitlement to injunctive relief.

CONCLUSION

Defendant's motion to dismiss for lack of jurisdiction is granted. All other motions are denied as moot. The clerk is directed to enter judgment for defendant and dismiss the case. No costs.

---

[4] Plaintiff points to the Federal Circuit's consideration of the same issue regarding the United States Postal Service in *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071 (Fed. Cir. 2001), and this court's consideration of the issue with regard to the Architect of the Capital in *Bell BCI Co. v. United States*, 56 Fed. Cl. 465 (2003) (relying on the Federal Circuit *Emery* decision). Plaintiff argues that, in these instances, the two courts declined to place the burden on plaintiff and ruled against the government on the basis that it did not show that those entities were not included in section 451's definition of an agency. We need not treat these cases in great detail except to say that neither dealt with the AO and neither displaced the long-standing rule that it is plaintiff's burden to establish jurisdiction in every case. Here, we hold that it has not done so.

                                                          s/Eric G. Bruggink
                                                          ERIC G. BRUGGINK
                                                          Judge